Dixie Aleta HAMLIN, Plaintiff–
Appellee,

v.

R.S.J. TRANSPORTATION COMPANY,
INC., a foreign corporation; Teddy L.
Glaha; and Continental Western In-
surance Company, a foreign insurer,
Defendants–Appellants.

No. 02–5023.

United States Court of Appeals,
Tenth Circuit.

April 10, 2003.

Steven R. Hickman, James E. Frasier,
Jerry Lynn Franks, Jr., Frank W. Frasier,
III, Kelly Scott Bishop, Frasier, Frasier &
Hickman, Tulsa, OK, for Plaintiff–Appel-
lee.

Stephen J. Capron, Michael S. Ash-
worth, Bruce A. McKenna, Holden &
McKenna, Steven E. Holden, Holden Glen-
dening & McKenna, Tulsa, OK, for Defen-
dant–Appellant.

Before TACHA, Chief Circuit Judge,
HOLLOWAY and McKAY, Circuit Judges.

## ORDER AND JUDGMENT*

McKAY, Circuit Judge.

After examining the briefs and the ap-
pellate record, this panel has determined
unanimously that oral argument would not
materially assist the determination of this
appeal. *See* Fed. R.App. P. 34(a)(2); 10th
Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

This action arose from a collision involv-
ing Plaintiff's vehicle and a truck owned
and operated by a trucking company.
Plaintiff filed an action against the truck
driver, the trucking company, and its in-
surance company, alleging negligence.
Plaintiff's action was tried before a jury,
which returned a verdict in favor of Plain-
tiff, awarding her $180,000. The district
court entered judgment accordingly.

On appeal, Appellants claim that the
trial court violated Oklahoma law by allow-
ing evidence and argument to be present-
ed to the jury regarding the existence of

---

* This order and judgment is not binding prece-
dent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.
The court generally disfavors the citation of
orders and judgments; nevertheless, an order
and judgment may be cited under the terms
and conditions of 10th Cir. R. 36.3.

liability insurance.[1] Because Appellant failed to preserve this issue for appeal, our review is for plain error.

In *Blanke v. Alexander*, 152 F.3d 1224, 1228, 1230 (10th Cir.1998), we held that "joinder of the motor carrier and its insurer being proper in this case, the general rule against references to liability insurance does not apply." *Id.* at 1230 (quoting *Be–Mac Transport. Co. v. Lairmore*, 191 Okla. 249, 129 P.2d 192, 194, 196 (1942)). "[P]recedent of prior panels which this court must follow includes not only the very narrow holdings of those prior cases, but also the reasoning underlying those holdings, particularly when such reasoning articulates a point of law." *United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000) (citation omitted). Otherwise, "this panel cannot overturn the decision of another panel of this court." *Id.* (citation omitted). In light of *Blanke*, we cannot find plain error. We need not certify the question because of our decision in *Blanke*.

AFFIRMED. Appellants' Motion to Certify Question of State Law is DENIED.

**United States of America,**
**Plaintiff–Appellee,**

v.

**Dyke Crane, Jr., Defendant–Appellant.**

1. "It is not disputed in this action that Continental Western was properly named as a party in this suit." Aplt. Br. at 5. *See also* Okla. Stat. tit. 47, § 230.30; *Jacobsen v. Howard*, 164 Okla. 88, 23 P.2d 185, 187 (1933), *Enders v. Longmire*, 179 Okla. 633, 67 P.2d 12 (1937). "It is beyond dispute that Oklahoma substantive law holds that a joint action may be maintained against a tortfeasor motor carrier and its insurer." *Id.*